```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

KATHERINE EVANS,

    Plaintiff,

v.                              Civil Action No. 2:14-00663

TRG CUSTOMER SOLUTIONS, INC. and
JASON RITCHEY,

    Defendants.

## MEMORANDUM OPINION & ORDER

Pending is the plaintiff's motion to remand, filed February 17, 2014. The plaintiff contends that defendant Ritchey is a citizen of West Virginia, so that the court is without diversity jurisdiction.

### I.

The plaintiff, Katherine Evans ("Evans"), brought a complaint in the Circuit Court of Kanawha County on Oct 17, 2013. Not. Removal. Ex. 1 at 4. The complaint alleges "state claims of sexual discrimination and reprisal for having previously filed an internal complaint of sexual discrimination and for participating in the internal complaint process" against her former employer, defendant TRG Customer Solutions, Inc. ("TRG"). Mot. Remand 1. Defendant Jason Ritchey ("Ritchey"), a manager at TRG when the plaintiff worked there, is alleged to have engaged in harassment

and discriminatory employment decisions, including taking part in terminating the defendant in an act of reprisal.[1] Compl. ¶¶ III, VI, VII, XVII. Evans requests an injunction restoring her position, front pay, back pay, reimbursement for Social Security benefits, and other damages. The complaint alleges that Ritchie is a citizen of West Virginia, and that Evans is a citizen of West Virginia. Id. ¶ III.

After being served on December 9, 2013, TRG timely removed the case. The docket reflects that Ritchey has not yet been served, either before or after removal. In support of invoking diversity jurisdiction, TRG claims that Ritchey is a citizen of Hawaii, and that TRG is a Delaware corporation with a principal place of business of Washington, D.C, and therefore not a West Virginia citizen. Not. Removal ¶ 4.

The plaintiff's motion for remand simply asserts that TRG has provided no evidence to support its assertion that Ritchey is a Hawaii citizen. In response TRG argues that Ritchey is a Hawaii citizen and attaches to its motion Ritchey's affidavit saying as much, a copy of a Ritchey's Hawaiian driver's license, and copies of Ritchey's W-2 forms. TRG also argues that Ritchey

---

[1] The plaintiff has also filed, on April 14, 2014, a motion seeking leave to amend her complaint to file more claims against defendant TRG, particularly claims for negligent supervision and negligent retention of Ritchey because TRG still maintained Ritchey's employment while knowing that Ritchey engaged in illegal conduct. That motion remains pending.

should be dismissed from this case because he has not been served, in violation of Fed. R. Civ. P. 4(m), but inasmuch as TRG does not state why that would mean that the motion to remand should be denied, the argument is not further addressed.  Although not challenged by the plaintiff, TRG also asserts that the amount in controversy requirement is met.  The plaintiff has not replied to TRG's response.

## II.

Title 28 U.S.C. § 1441(a) governs federal removal jurisdiction.  The statute provides pertinently as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a) (2012).  One basis for federal jurisdiction is the diversity statute, 28 U.S.C. § 1332.  For removed actions, § 1441(a) requires that the court look at the dispute between the parties at the time of removal to determine whether the court has diversity jurisdiction.  See 28 U.S.C. § 1441(a) (2012); Moffit v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010).

To exercise diversity jurisdiction under § 1332, no plaintiff may be a citizen of the same state as any defendant.  See, e.g., Rosmer v. Pfizer, 263 F.3d 110, 123 (4th Cir. 2001).

Also, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332 (2012). An action may not be removed to federal court if any defendant is originally sued in the courts of the state in which that defendant maintains citizenship. 28 U.S.C. § 1441(b) (2012).

The plaintiff's main argument for remand is that removal is not warranted because TRG "has supplied no evidence to support diversity of citizenship." Mot. ¶ 8. However, the removing party does not need to supply evidence in the notice of removal. It merely needs to allege jurisdictional grounds for removal. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008). It is

> inappropriate for the district court to . . . require[] a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff drafting an initial complaint. Therefore, just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332," see Fed.R.Civ.P. 84; Fed.R.Civ.P. app. Form 2(a), so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner. Of course, on a challenge of jurisdictional allegations, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." Blackwater, 460 F.3d at 583. But this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint.

Id. Accordingly, the plaintiff's argument fails.

4

Notably, the plaintiff's motion does not actually challenge Ritchey's citizenship as a factual matter. Nevertheless, because the defendants have presented materials in rebuttal of such an argument, the court will consider the issue. When jurisdiction is challenged, the removing party bears the burden of showing jurisdiction exists. Id.; Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 296-97 (4th Cir. 2008). "Where federal jurisdiction hinges on the status of the parties, the court may ascertain the existence of that status independently of the complaint." Table Talk Pies of Westchester v. Strauss, 237 F. Supp. 514, 518 (S.D.N.Y. 1964).

In its response to the motion to remand, TRG has presented a signed declaration from Ritchey that he moved to Hawaii before this action was filed in state court in October 2013, with the intent of remaining there indefinitely. Resp. Ex. 3. In that declaration, Ritchey also attests to the validity of an attached copy of a Hawaiian driver's license that was issued to him on September 19, 2013, and the veracity of an attached copy of a 2013 W-2 showing an address in Hawaii and state taxes withheld in West Virginia and Hawaii. The plaintiff has provided no materials concerning Ritchey's citizenship aside from her complaint.

Citizenship for purposes of diversity jurisdiction is determined by a defendant's domicile. "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Based on the affidavit, driver's license, and W-2, the court finds that Ritchey began to be a citizen of Hawaii before this action was filed in state court, and remains a citizen of Hawaii. See, e.g., Ward v. Walker, 725 F. Supp. 2d 506, 510 (D. Md. 2010) (driver's license and tax filings bear on question of citizenship).

For complete diversity to exist, defendant TRG must also be a citizen of a state other than West Virginia. A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (2012). The notice of removal asserts that TRG is incorporated in Delaware and has a principal place of business in Washington, D.C. Not. Rem. ¶ 4. The plaintiff does not dispute these assertions. TRG also attached to its response to the plaintiff's motion a West Virginia Secretary of State listing showing that TRG is incorporated in Delaware and has a principal office address in Washington, D.C. Resp. Ex. 1. The Court finds TRG is not a citizen of West Virginia.

6

The amount in controversy must also be over $75,000 for the court to invoke diversity jurisdiction. 28 U.S.C. § 1332(a) (2012). The plaintiff does not challenge the amount in controversy. TRG asserts it is met because the plaintiff seeks injunctive relief, front pay and back pay, reimbursement for Social Security benefits, damages for mental and physical distress, among other damages. TRG attached to its response the offer letter for the Evans' job describing the salary for her position as $40,000 per year. Resp. Ex. 5. The plaintiff has not been working at TRG since October 2011, and given her requests for front pay and back pay, as well as other alleged damages, the court is satisfied that the amount in controversy exceeds $75,000.

Accordingly, the court finds that the parties are totally diverse and, because the amount in controversy is met, jurisdiction in diversity here exists.

For the reasons stated, it is ORDERED that the plaintiff's motion for remand, filed February 17, 2014, be, and it hereby is, denied.[2]

---

[2] TRG also argues the motion to remand should be denied because it is unaccompanied by a memorandum as required by Local Rule 7.1(a)(2). Inasmuch as the plaintiff's professed grounds for remand fail on substantive grounds, there is no need to address this procedural point.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: May 6, 2014

*[signature]*
John T. Copenhaver, Jr.
United States District Judge