UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

KATHERINE EVANS,

       Plaintiff,

v.                                    Civil Action No. 2:14-00663

TRG CUSTOMER SOLUTIONS, INC. and
JASON RITCHEY,

       Defendants.

MEMORANDUM OPINION & ORDER

      Pending is the plaintiff's motion for leave to amend her complaint, filed April 14, 2014.

      The plaintiff, Katherine Evans ("Evans"), brought a complaint in the Circuit Court of Kanawha County on October 17, 2013, and defendant TRG Customer Solutions, Inc. ("TRG") removed the case on January 8, 2014.  Not. Removal.  Ex. A at 4.  The complaint alleges "state claims of sexual discrimination and reprisal for having previously filed an internal complaint of sexual discrimination and for participating in the internal complaint process" against her former employer, defendant TRG. Mot. Remand 1.  Defendant Jason Ritchey ("Ritchey"), a manager at TRG when the plaintiff worked there, is alleged to have engaged in harassment and discriminatory employment decisions, including taking part in terminating the defendant in an act of reprisal.

Compl. ¶¶ III, VI, VII, XVII.  Evans requests an injunction restoring her position, front pay, back pay, reimbursement for Social Security benefits, and other damages.

The plaintiff wishes to amend her complaint to add claims of negligent supervision and negligent retention against TRG for the continued employment of Ritchey after TRG was aware of his sexual discrimination, and also to allege that TRG caused Evans damage in this regard.  Mot. Leave Amend Compl. ¶¶ 2-3.  The plaintiff filed her motion for leave to amend the complaint on the deadline for such motions set by the court's March 12, 2014 scheduling order.

Defendant TRG did not respond to the motion.  However, through a separate written communication with the court's law clerk and counsel for the plaintiffs, TRG indicated that it was not filing opposition to the motion because it believes that the motion to amend the complaint is moot inasmuch as TRG planned to (and did) move to compel arbitration on May 2, 2014; and so, TRG says in its email, jurisdiction should rest with an arbitrator, not the court.[1]

If TRG wished to raise this argument, it should have presented it in a response to the plaintiff's motion.  As for

---

[1] The court notes that the motion to compel arbitration will be decided in due course, once the parties have responded and replied.

Ritchey, he has yet to be served and has not responded to the motion.  Accordingly, the court considers the motion for leave to amend the complaint to be unopposed.

The court observes that the motion for leave to amend is not moot as the court is not divested of jurisdiction simply because an arbitration agreement exists.  Jurisdiction may remain with the court throughout arbitration.  See 9 U.S.C. §§ 3, 9 (2012) (requiring the court to stay cases where arbitration should occur).  Indeed, the court must exercise its jurisdiction to enter judgment at the conclusion of arbitration.  See id. § 9.  It is true that the question of arbitrability may be put to an arbitrator, depending on the agreement between the parties.  See Central West Virginia Energy, Inc. v. Bayer Cropscience, LLP, 645 F.3d 267, 273 (4th Cir. 2011).  But a different question is posed here -- namely, whether the plaintiff may amend her complaint in a civil action before this court.  The arbitrator has no power to decide this question of federal court procedure.

Under Federal Rule of Civil Procedure 15(a), the "court should freely give leave [to amend a pleading] when justice so requires."  Fed.R.Civ.P. 15(a).  "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be

3

futile.'"  Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th

Cir. 1999)(quoting Johnson v. Oroweat Foods Co., 785 F.2d 504, 509

(4th Cir. 1986)).  There is no suggestion that the amendment would

be unfairly prejudicial to the defendants or that it has been

presented in bad faith.  Nor has it been shown to be futile.

     For the foregoing reasons, it is ORDERED that the

plaintiff's motion for leave to amend her complaint, filed April

14, 2014, be, and it hereby is, granted.  The Clerk is directed to

file as of this date the complaint attached to the plaintiff's

motion as the first amended complaint in this action.

     The Clerk is directed to transmit this order to all

counsel of record and any unrepresented parties.

ENTER: May 9, 2014

John T. Copenhaver, Jr.
United States District Judge

4