```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

KATHERINE EVANS,

       Plaintiff,

v.                                    Civil Action No. 2:14-00663

TRG CUSTOMER SOLUTIONS, INC. and
JASON RITCHEY,

       Defendants.


## MEMORANDUM OPINION & ORDER

Pending is a motion by defendant TRG Customer Solutions, Inc. ("TRG"), filed May 8, 2014, for a protective order to stay discovery pending resolution of TRG's motion to compel arbitration. TRG wishes to stay discovery until its motion to compel arbitration is decided. Plaintiff Evans has indicated that she does not oppose the motion, but requests that discovery be permitted on the arbitration issue if the court requires more information.

TRG argues that conducting discovery in this court would defeat the purposes of arbitration, because discovery should be conducted by an arbitrator should this case be deemed arbitrable. See CIGNA Health Care of St. Louis, Inc. v. Kaiser, 294 F.3d 849, 855 (7th Cir. 2002); 9 U.S.C. § 7 (2012). TRG requests an order

under Federal Rule of Civil Procedure 26(c)(1) staying discovery until the motion to compel arbitration is decided.

Rule 26(c)(1) provides:

> A party or any person from whom discovery is sought may move for a protective order . . . .  The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure of discovery; (B) specifying terms, including time and place, for the disclosure or discovery . . . .

Fed.R.Civ.P. 26(c)(1).  Under this rule, the court has the authority to stay discovery pending the outcome of a dispositive motion.  See Thigpen v. United States, 800 F.2d 393, 396-397 (4th Cir. 1986).  In this case, an order compelling arbitration could be dispositive, as TRG argues that the entire case should be submitted to an arbitrator under the arbitration agreement.  See Durham Cnty. v. Richards & Assocs., Inc., 742 F.2d 811, 814 (4th Cir. 1984).[1]

A number of factors, none wholly dispositive, guide the analysis under this rule for granting a stay pending the outcome of a dispositive motion.  They are (1) the type of motion, (2)

---

[1] The court notes that its decision to stay discovery in this case does not rest upon 9 U.S.C. § 3.  That statute compels the court to "stay the trial of the action until . . . arbitration has been had" when the court is "satisfied that [an] issue involved in such suit or proceeding is referable to arbitration."  9 U.S.C. § 3 (2012).  Because the court has yet to decide the motion to compel arbitration, the court is not satisfied that any issue in this case is referable to arbitration, so a stay under § 3 is unwarranted at this time.

2

whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the "nature and complexity of the action," (4) "whether counterclaims and/or cross-claims have been interposed", (5) whether other parties agree to the stay, (6) the "posture or stage of the litigation", (6) "the expected extent of discovery in light of the number of parties and complexity of the issues in the case", (7) and "any other relevant circumstances". Bragg v. U.S., Civ. Action No. 2:10-0683, 2010 WL 3835080, at *1-2 (S.D.W. Va. Sept. 29, 2010) (quoting Hatchette Distribution, Inc. v. Hudson Cty. News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Under such factors, this case is appropriate for a stay of discovery. TRG's motion to compel arbitration could be dispositive of the matter, and is a legal challenge. There are no cross-claims or counterclaims. The plaintiff agrees to the stay. Litigation is in its early stages.

Accordingly, it is ORDERED that TRG's motion for a protective order to stay discovery pending resolution of TRG's motion to compel arbitration be, and it hereby is, granted. It is further ORDERED that discovery in this matter be, and it hereby is, stayed pending resolution of TRG's motion to compel arbitration. This stay shall have no effect on the current

deadlines imposed on the plaintiff for service of defendant Jason Ritchey.

The Clerk is directed to transmit this order to all counsel of record and any unrepresented parties.

ENTER: May 23, 2014

John T. Copenhaver, Jr.
United States District Judge